## Witiak v. Zoning Hearing Board

*Robertson Taylor,* for appellant.

*Richard Haber,* contract.

FRANCIOSA, J., August 21, 1974.—Eugene Witiak is a doctor of veterinary medicine. In proceedings

before the Zoning Hearing Board of Hanover Township, he was successful in obtaining a permit to use an existing barn as an "outpatient" animal facility. Although the Witiak property is located in an "R-1" residential district, the use was permitted as a "home occupation." But, the zoning board imposed two conditions: First, Dr. Witiak was refused permission for additional parking spaces; second, he was not permitted to employ a receptionist.

By stipulation, the appeal from the parking restriction has been abandoned. Therefore, the sole remaining question concerns the reasonableness of the condition barring Dr. Witiak's use of a receptionist.

No additional testimony was taken by us. Generally, this limits our function to a determination of whether the zoning board committed a manifest abuse of discretion or committed an error of law. See Chrysler Motors Corp. v. Zoning Board of Adjustment of Philadelphia, 13 Comm. Ct. 363, 319 A. 2d 429 (1974).

Here, our review does not involve the matter of an abuse of discretion. This is so because appellant does not quarrel with the zoning board's findings of fact. The sole issue is whether the zoning board committed an error of law.

The zoning board had before it an ordinance which recognized a "home occupation" as an accessory use subject to the express limitation that the activity "employs no person other than a resident of the home."

We can understand the zoning board's inclination to give this provision of the ordinance a strict construction. The ordinance contemplates the type of professional office or occupational studio which is ordinarily conducted in a dwelling house by the residential occupier of the dwelling. In most cases, the limiting of the "home occupation" activity to the resident is a

sufficient standard of the meaning to be given to the ordinance.

However, the ordinance must be interpreted reasonably and the zoning board must be prepared to recognize exceptional activities. A doctor must always be permitted to hire a nurse and a lawyer a secretary. Such help is expected in a professional office of that nature. Admittedly, there is a distinction between a doctor who practices human medicine and one who treats nonhuman animals. Furthermore, a more restrictive use can be envisioned for veterinary medicine as a "home occupation." Nonetheless, the employment of a receptionist is not one of these distinctions. In our view, a receptionist is as much an expected helper in a veterinarian's office as in that of a doctor or lawyer.

We are well aware that difficulties will arise from time to time when the reasonable interpretation method is substituted for the strict construction approach. There is, however, a guiding point for the zoning board. If the addition of a nonresident employe would directly produce an expansion of the "home occupation" use, then such outside help may be prohibited. If, on the other hand, the usual role of the nonresident employe is to assist in providing the services normally incident to the "home occupation" activity, regardless of the degree of the use, then such help is permissible.

We believe the above standard is workable and we, therefore, reverse the decision of the zoning board on the ground that, as applied to this case, the limiting of the "home occupation" activity to the resident was not a reasonable interpretation of the ordinance in question.

## ORDER OF COURT

And now, August 21, 1974, the decision of the Zoning Board of Adjustment of Hanover Township is disaffirmed in part. We direct the zoning board to remove the restriction regarding appellant's hiring of a nonresident employe. And, we further direct that appellant be permitted to employ as a receptionist a person other than a resident of his home.

Since appellant abandoned his objection to the restriction on parking spaces, that aspect of his appeal is denied and dismissed.